9505.

JAMES BARNES VS. OLIVER BEIRNE.

The owner of a building is responsible for personal injury sustained by the fall of part of it, when the accident is the result of his neglect to repair, or of a vice in the original construction.

Ignorance of the condition of the building, or the circumstance that it could not be easily detected, is not exculpatory. Notice is not required as a condition precedent for the recovery of damages.

APPEAL from the Civil District Court, for the Parish of Orleans, Rightor, J.

*Breaux & Hall,* for Plaintiff and Appellee :

1. An owner is responsible for damages caused by the ruin of his building, when it is due to vice of construction, or want of necessary repairs. C. C. 2322; C. N. 1386; 37 Ann. 39.
2. Absence of owner and his agent from the city, so that notice cannot be given them of peril, is no excuse from liability for damage.
3. No notice necessary under the Code or required, to render owner liable. Toullier, vol. 16, p. 263, 6 Ed., Paris.
4. Amount of damages in such cases left to discretion of Court or Judge. Pike & Co. vs. Doyle, 19 Ann. 363; Rayne vs. Taylor, 18 Ann. 26.

*Henry Chiapella.* for Defendant and Appellant :

" The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it or when it is the result of a vice in its original construction." R. C. C. 2322.

" The owner of a slave, hired to another and drowned while employed, with the consent of his master, in a work not proved to have been of a dangerous character, cannot recover his value." Hudson vs. Grout, 5 Rob. 499.

" Where an action is brought to recover damages on account of injury done by the accidental falling of a structure, proof that there was no fault or negligence imputable to the defendant, and that there was no original imperfection in the structure, is sufficient to avoid liability on his part." Burton vs. Davis, 15 Ann. 448.

" La ruine du bâtiment doit résulter, soit du défaut d'entretien, soit du vice de construction. Si elle était arrivée par cas fortuit et force majeure, si le propriétaire n'avait point négligé de l'entretenir et qu'il l'eût construite suivant les règles de l'art, il cesserait d'être responsable. Aussi, le demandeur doit-il commencer par établir que la ruine du bâtiment est arrivée par une suite du défaut d'entretien ou par le vice de sa construction. C'est là une condition essentielle de laquelle dépend le fondement de son action,

sauf au défendeur à administrer toutes preuves du contraire." 5 Larombière (obligations), p. 795; Ibid, pp. 800, 801.

"Si une maison qui menaçait ruine, et pour laquelle le voisin avait denoncé, est ensuite abattue par un cas fortuit, comme par un débordement, ou par la violence des vents, et que sa chute abatte la maison voisine, le propriétaire de la maison dont la chute a abattu l'autre, ne sera pas tenu de ce cas fortuit, si ce n'est que le débordement ou l'orage ne l'ait abattue, qu'à cause du mauvais état où elle se trouvait." 1 Domat (Lois Civiles), Livre II, Section III, No. 6, p. 478; Ibid, Section IV, No. 7, p. 481.

The opinion of the Court was delivered by

BERMUDEZ, J. This is an action in damages against the owner of a building.

The charge is, that the front cornice, which had been for some time in a dangerous condition, fell, struck and injured plaintiff, who was then a wayfarer to his home, and that the injury was occasioned by the neglect of the owner to repair.

The defendant pleaded the general issue and appeals from a judgment against him for $580, which plaintiff, by joinder, asks to be increased to $5,000.

It appears that early in the morning of October 21, 1884, the cornice of certain buildings, owned by defendant, on one of the principal thoroughfares of the city, suddenly tumbled down on plaintiff, who happened to be just at that moment passing on the sidewalk, seriously wounding him. The wound on the head was severe and the bruises on the body were numerous and painful. They are shown to have been dangerous, susceptible of occasioning lock-jaw, and such as required the attendance of a competent physician for some twelve days. The plaintiff remained confined to his bed about a week and to his room a fortnight. It was not, however, until two months afterwards, that his wounds healed and that he ceased to resent materially the injury and pain to his body, although, as soon as he was able to gather some strength, he went back to his occupation, (that of a private watchman), he being poor and his family needing his assistance.

The City Surveyor, a witness for defendant, testifies that the rafters were not tied together with collar-braces; that the heel-plates receiving the ends of the rafters had rotted away; that the nails fastening the heels of the plates to the ceiling joist had rusted; that had there been collar-braces and the nails not rusted, the accident would not have happened; that the defect is in the construction and could have been detected; that he could have discovered it and suggested a remedy which could have prevented the occurrence.

His testimony is corroborated by other witnesses. So that the evidence leaves no doubt that the building was, as regards the cornice, in a dangerous condition, due both to a vice in the construction and to a want of necessary repair, and that this state of things could have been detected and remedied.

Article 670, R. C. C., provides that every person is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials compsing them, may injure the neighbors or passengers, (passans), under penalty of all losses and damages which may result from the neglect of the owner in that respect.

Article 2322, R. C. C., is to the further effect: That the owner is responsible for the damage occasioned by its ruin, when this is caused by neglect to repair, or is the result of a vice in its original construction.

The owner however is entitled to exoneration from liability when the accident is the result of a fortuitous event or *vis major*. Larombière, 5, 795; Domat, 1, p. 481, N. 7; also 15 Ann. 448, Burton's case.

The defendant contends that he cannot be held liable, because the defect was not apparent from the outside, because he was ignorant of it, and because he had not been notified of the condition of the cornice.

The law makes it his duty to keep his building in proper order, so that no one may be injured thereby. The defect could have been detected on inspection, if not outside, at least inside. He was bound to know whether repairs were or not necessary. Actual knowledge and willful neglect would have aggravated his responsibility. R. C. C. 670.

The law does not direct that any notice be given, or that any actual knowledge be shown, as a condition precedent for recovery. R. C. C. 2322; Toul. 6 l. 3, til. 4; Marcadé, vol. 5, 272; Laurent, etc.

While commenting on article 1386 of the French Code, which is reproduced in ours, Marcadé says:

"Le propriétaire est de plein droit, présumé en faute. Il a dû savoir que sa maison n'était pas en bon état; il à dû connaître les vices dont elle était affectée et les reparations dont elle avait besoin et il ne serait pas admis à prouver q'uil avait été trompé et qu'il les ignorait. Vol. 5, p. 272, II; also Toul., vol. 317; Laurent, vol. 20, p. 695, n. 642.

It is established, however, in this instance, that several attempts were made by the main tenant to notify the owner or his agent, but that neither could be found.

The circumstance that the property was acquired by inheritance by the defendant is not at all exculpatory and cannot be invoked in miti-

gation of damages. It may serve perhaps to alleviate the acuteness of the pain which the infliction of damages may occasion and which would otherwise be more keenly resented.

The defendant has failed to show fortuitous event, or *vis major*, which was not even pleaded.

The authority of Sourdat ( Responsibilité ) vol. 2, p. 15, No. 256, and the ancient precedent ( 1810 ) of the Court of Liege, have been well considered and given all the weight to which they are entitled.

A perusal of a more recent opinion ( 1857 ) of a previous Supreme Court, in which heavy damages were allowed for injury sustained by the falling of a wall, will prove of interest to the parties in this case. Howe vs. City of New Orleans, Mrs. Graihle et al., 12 Ann. 481. It is no doubt because the application of article 2322 of the Civil Code does not appear in the syllabus, that the case is not alluded to in the Digests.

The defendant can derive no benefit from the ruling on the Burton case, 15 Ann. 448, in which it was held that proof that there was no fault or negligence imputable to the defendant and that there was no original imperfection in the structure, is sufficient to avoid liability.

We adhere to that doctrine but fail to perceive how it can be applied to a case where neglect and vice of construction are shown.

The defendant complains that the allowance of the district judge is excessive and should be reduced to $50, actual damages, sustained in physician's and druggist's bills paid, wages lost, etc., etc.

It is no great venture to answer that had he been injured and had he suffered as much and as long as plaintiff has, the indemnity allowed would surely not have sufficed to placate him. We will not however, increase the judgment as asked.

The lower court properly applied the law to the facts found. 18 Ann. 26 ; 19 Ann. 363.

Judgment affirmed.