## KING v. BANKERS INDEMNITY INS. CO. et al. *

### No. 16913.

Court of Appeal of Louisiana. Orleans.

April 4, 1938.

Curtis, Hall & Foster and Charles A. Kyle, all of New Orleans, for appellant.

Adam H. Harper, of New Orleans, for appellee.

* Rehearing denied April 18, 1938.

McCALEB, Judge.

The plaintiff, a native of China named George King, is the tenant in the premises No. 4734 Magazine street in the city of New Orleans, which he rents from Mrs. Frances E. Chin O'Neill. He instituted this suit for damages against her and Bankers Indemnity Insurance Company, her insurance carrier, for personal injuries sustained by him in the premises on August 16, 1937. He alleged that on that date at about 11:30 p. m., as he stepped upon the flooring of the second room of the house, it gave way under his weight and caused him to fall; that this flooring was rotten and defective; that its condition was well known to the owner; and that, despite her knowledge, she failed to repair it. He set forth that, as a result of his fall, he suffered a severe sprain of his left ankle which caused him to be incapacitated for a period of two weeks, for which injury he is entitled to damages in the sum of $300.

The defendants appeared and admitted that the plaintiff was the tenant of Mrs. O'Neill, but denied all other allegations of the petition. It further pleaded, in the alternative, the plaintiff's contributory negligence.

On these issues, a trial was had which resulted in a judgment in plaintiff's favor against both defendants in solido for the sum of $75. The defendants have appealed, and plaintiff has answered, praying for an increase in the amount of the award.

The question presented by this record is solely one of fact. The defendants complain that the evidence submitted by plaintiff is not convincing and they suggest that his claim is of a most suspicious character. We find the facts of the case to be as follows:

The plaintiff has resided in the leased premises, where he conducts a small laundry, for a period of approximately 15 years. The house consists of three rooms, a large front one, in which plaintiff operates his laundry, and two small ones in the rear, which are parallel to each other, the one on the left being used as his living quarters and the one on the right as a drying room for clothes. On August 16, 1937, near midnight, plaintiff, while in the act of stepping from a chair in the drying room (where he was taking down clothes from a drying line), placed his left foot upon one of the floor boards.

As he did so, the board collapsed under his weight, and his foot and leg went through the flooring to the ground. As a result of the accident, he suffered a sprained ankle. He was attended, on the following day, by his physician, Dr. Boudreaux, who describes his injuries as follows: "A sprain; also at that time he had some ecchymosis or some blood beneath his skin, around his right calf and around the knee also, but he had a sprain of his right ankle."

Counsel for plaintiff point to Dr. Boudreaux's statement that the right ankle was sprained as destroying the genuineness of plaintiff's case, because plaintiff and his other witnesses say that his left ankle was injured. But we regard this inconsistency as unimportant, forasmuch as it is certain that plaintiff did sustain a sprained ankle, and, whereas, it is plain that the doctor is in error, when we consider that he treated plaintiff only twice and made no written memorandum of the history of the case. Minor variations, such as this one, in witnesses' statements, tend to strengthen rather than to discredit their credibility, as it indicates that their stories have not been prepared or rehearsed in advance of the trial.

Plaintiff and Lubertha Haynes, a negro laundress in his employ, both state that the flooring of the premises was rotten and defective and their testimony is corroborated by that of defendants' witness, Mr. Sullivan, the agent of the lessor, who, although disclaiming the rottenness of the boards, frankly admits that the flooring was weak. It is likewise conceded that approximately two months prior to this accident Lubertha Haynes was injured by the collapse of the flooring in the front room. Moreover, the plaintiff's case, as to the existing defects, finds ample support in the fact that, shortly after the accident occurred, a carpenter, employed by the owner, found it necessary, not only to repair the board which broke under plaintiff's weight, but replaced the flooring of the whole room with new lumber.

The defendants produced the testimony of a Mr. Eberhardt and a Mr. Grasser, insurance men, who stated that plaintiff told them, some weeks after the accident had happened, that his foot went through a hole in the floor and that he was injured in a street car. It was also conceded by counsel for plaintiff that, if a Mr. Feinhals was present in court, he would support the assertions of these witnesses. Plaintiff says, however, that he did not make such a statement. We feel that these investigators must either be mistaken or that they have misinterpreted what plaintiff actually told them. It is inconceivable to us that he would make such a damaging admission many weeks after the occurrence, and it is certain that, if he had done so, these adjusters would have tried to persuade him to sign a written statement.

The testimony on the whole convinces us that plaintiff was injured as a consequence of his landlord's failure to make necessary repairs to the leased premises. His statement as to the manner in which the accident occurred is frank and impressive. This was the view of the trial judge and we concur in his holding.

In so far as defendants' plea of plaintiff's contributory negligence is concerned, it is not sustained by the evidence. The grounds advanced for its maintenance are identical with those unsuccessfully contended for by counsel for defendant in Boutte v. New Orleans Terminal Co., 139 La. 945, 72 So. 513.

Plaintiff complains that the damages awarded him are inadequate. While the injuries he received do not appear to be serious, still he has proved that he suffered a sprained ankle and that, as a result he was incapacitated for a period of two weeks. The allowance of $75 for this injury is meager and out of line with other awards in this type of case. In Byrd v. Spiro, 170 So. 384, where the injury received by plaintiff was just slightly more severe than the one in the instant case, we allowed the sum of $300. While it is always difficult to gauge the quantum of damage with exactness, we feel that an award of $200 to plaintiff in this case will fully compensate him for the injury.

For the reasons assigned, the judgment appealed from is amended by increasing the amount thereof to $200, and as thus amended it is affirmed.

Amended and affirmed.