Mrs. Nina Harvey, wife of Wallace M. Nicaud, brought this suit to recover damages for personal injuries sustained by her while a passenger in an automobile owned and driven by her husband when it collided with a truck owned and operated by Henry C. Waters.
Plaintiff alleges that the accident resulted from the joint negligence of Nicaud, her husband, and Waters, the driver of the truck. Availing herself of the provisions of Act 55 of 1930, she sued Waters and his insurer, Columbia Casualty Company, and also New Amsterdam Casualty Company, the public liability insurer of her husband. Judgment in solido is prayed for against all three defendants in the sum of $1,800.
Exceptions of no cause or right of action were filed by all defendants, but were overruled. Thereafter New Amsterdam Casualty Company filed its answer, admitting issuance of the policy but denying that Nicaud, its assured, was guilty of negligence. Waters and Columbia Casualty Company also answered, jointly, denying negligence on the part of Waters.
After a trial on the merits, the court below rendered judgment in favor of plaintiff and against New Amsterdam Casualty Company in the sum of $300 and dismissed her suit against Waters and his insurer, Columbia Casualty Company. From this judgment New Amsterdam Casualty Company has appealed. Plaintiff has answered this appeal asking that the judgment be increased to $1,800 as originally prayed for. From the judgment dismissing her suit against Waters and Columbia Casualty Company, plaintiff has not appealed, consequently these two defendants are not before the court.
The basis of the exception filed by New Amsterdam Casualty Company (to whom we will hereafter refer as "defendant") is *Page 775 
that, since Mrs. Nicaud has no legal right to sue her husband in tort, she likewise is without right to sue his insurer for damages resulting from his negligence. Defendant relies upon a clause in the policy expressly providing that it only insures the assured, Nicaud, against loss from liability imposed by law upon him for damages on account of injury or death. This clause reads as follows:
"Insuring Agreements
"1. Coverage A — Bodily Injury Liability
"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, * * *."
Defendant also points to Act 55 of 1930, the statute under which this action is brought, wherein it is provided that the injured party has a direct right of action against an insurance company "within the terms and limits of the policy".
Under the laws of this state a wife cannot sue her husband for damages growing out of a tort. See Edwards v. Royal Indemnity Company, 182 La. 171, 161 So. 191. Accordingly, Mrs. Nicaud could not sue the assured, her husband, for damages resulting from this accident. It is defendant's contention that, since Mrs. Nicaud has no right of action against her husband, she has none against it, the argument being that the defendant's liability under the insurance contract is limited solely to cases where there is "liability imposed upon him (assured) by law", and since, under the Act of 1930, the injured party is given a direct right of action against the insured "within the terms and limits of the policy", Mrs. Nicaud has no right of action against it under that statute.
Counsel for plaintiff asserts, on the other hand, that the statute confers upon the wife the right to bring a direct action against her husband's insurer for damages resulting from his negligence and that the insurer cannot urge as a defense the wife's incapacity to sue her husband because such defense is personal to him, citing, in support of this contention, the following cases: Edwards v. Royal Indemnity Company, supra; Ruiz v. Clancy et al., 182 La. 935, 162 So. 734; Rome v. London 
Lancashire Indemnity Company of America, La.App., 169 So. 132; Messina v. Societe Francaise de Bienfaissance, etc., La.App., 170 So. 801; Brooks v. Bass et al., La.App., 184 So. 222; Lusk v. United States Fidelity Guaranty Company, La.App., 199 So. 666.
In the Edwards case plaintiff, Miss Palmer, was riding with one Edwards, as a result of whose negligence she sustained injuries. She later married Edwards and then sued his liability insurance carrier under the 1930 statute to recover damages sustained as a result of his negligence. The insurer excepted on the ground that, as plaintiff was the wife of the insured, and therefore without right to sue him in tort, she likewise was without right to sue the insurer. In overruling the exception the Supreme Court pointed out that the incapacity of a wife to sue her husband is a personal defense and, therefore, is available to him only, saying, with reference to the applicability of Act 55 of 1930, that:
"It is * * * our opinion that the Legislature intended to give the insurer the right to plead defenses which it could urge against the insured, but not defenses which are purely personal between the insured and claimant, and in no way growing out of, or connected with, the accident or policy." [182 La. 171, 161 So. 195.]
In our opinion the Supreme Court there passed on the precise point which forms the basis of the exception filed by defendant in the case at bar. However, defendant here contends that the Edwards case is distinguishable from that before us in that, at the time of the accident in the Edwards case, the plaintiff was not married to Edwards, and therefore had both a cause and a right of action against both him and his insurer at the moment the accident occurred, and that the Supreme Court in that case simply held that she could not lose her right of action against the insurance company because of her subsequent marriage to Edwards, the assured, although, as a consequence of the marriage, her action against Edwards had abated.
A careful reading of the Edwards decision discloses, however, that there is nothing therein to justify defendant's contention that the doctrine of that case is to be restricted to the peculiar factual situation existing there. But, assert counsel, in the later case of Ruiz v. Clancy, supra, the Supreme Court indicated that the doctrine announced in the Edwards case should be so restricted. *Page 776 
In the Ruiz case the minor children of one Lochbaum, through their tutrix, sued the administrator of their father's succession for damages for loss of companionship and affection of their mother, who was killed in an accident resulting from the negligence of her husband, their father, who also died as a consequence of the accident. Also named as defendants in the suit were one Clancy, owner of the automobile driven by Lochbaum, and his insurer, which had issued a public liability policy under which coverage was afforded to any persons driving the car with Clancy's consent. Defendants filed exceptions of no right or cause of action, those on behalf of the administrator and the insurer being based on the contention that plaintiffs had no right or cause of action against the succession of their deceased father because, under the Code of Practice, the children could not have brought suit against their father. The Supreme Court overruled the exceptions on the ground that Article 104 of the Code of Practice applied only to suits by minors against their parents "when living", and, after discussing the Edwards case at length, said:
"* * * The decision in Edwards v. Royal Indemnity Co. merely recognizes a distinction between a case where there is no cause of action against the insured, and hence no cause of action against the insurer, and a case where there is no right of action against the insured because of a relative incapacity of the injured party to sue the insured, or relative immunity of the insured against being sued by the injured party, in which case, according to Edwards v. Royal Indemnity Co., the injured party may have a right of action against the insurance company alone, under the act of 1930. With regard to the merits of a claim against an insured, the statute does not give the claimant a right of action against the insurance company unless the claim against the insured is well founded in law." [182 La. 935, 162 So. 738.]
It will thus be seen that the Supreme Court specifically states that the claimant has both a cause and a right of action against the insurer where he has a cause of action against the assured, but, because of some relative incapacity, does not have a right of action against the assured. Briefly, the court holds that, under Act 55 of 1930, the insurer cannot set up defenses which are purely personal to the assured.
Any doubt as to this established legal principle was definitely and finally eliminated by the case of Rome v. London Lancashire Indemnity Company of America, supra, decided by this court, in which the Supreme Court denied writs of certiorari and review. There plaintiff sued the insurance carrier of the New Orleans City Park Improvement Association under Act 55 of 1930, claiming damages for the wrongful death of their minor son, who was drowned in a swimming pool operated by the Association. The insurer filed exceptions of no cause or right of action, the basis of which was the immunity of the assured Association from liability for damages caused by its tortious governmental acts. We held that this defense was personal to the assured and allowed recovery against the insurer, saying, after discussing the various opinions of the Supreme Court on the subject:
"* * * the conclusion reached in the Edwards case is that, under the provisions of Act No. 55 of 1930, the insurance carrier cannot set up defenses purely personal to the insured not growing out of, or connected with, the accident or the policy." [169 So. 138.]
Counsel for defendant seek to distinguish the Rome case on the ground that the true basis for the decision was a matter of public policy, citing, in support of their argument, the following quotation therefrom:
"The defendant has received from the New Orleans City Park Association a valuable consideration. If the defense of immunity from suit is available to it in this case, this insurance company is, in truth and in fact, receiving public moneys without consideration, for we cannot imagine any case sounding in tort which might successfully be prosecuted against it under the insurance contract.
"We believe that, while it is against the public policy of the state to allow the New Orleans City Park Association to be sued in tort, it is equally against public policy, common sense, and inapposite to the intention of the Legislature, as reflected by Act No. 55 of 1930, to allow the defendant insurance company to escape liability on the ground contended for."
Able counsel have made an ingenious argument. We cannot agree with them, however, that considerations of public *Page 777 
policy formed the true basis for the decision against the insurer in that case. Our comment there on the question of public policy had the effect of merely raising an additional barrier against an avoidance of liability by the insurer under the facts presented. As previously stated, we discussed in detail the opinions of the Supreme Court involving an interpretation of Act 55 of 1930 and came to the conclusion that the insurer, in actions brought under the provisions of that act, could not set up defenses purely personal to the assured. That this was the underlying reason for our decision in the Rome case is also indicated by two subsequent decisions of this court — Messina v. Societe Francaise de Bienfaissance, etc., and Lusk v. United States Fidelity 
Guaranty Company, supra — in both of which it was held that the public liability insurer of a hospital could not urge, in a suit by a plaintiff to recover damages for the alleged negligence of agents of the hospital, the defense that the hospital was a charitable institution and, as such, immune from liability for damages. For example, in the Lusk case, [199 So. 667] we said:
"* * * the defense interposed is one which is personal to the hospital itself and cannot be availed of by the defendant insurance company. See Messina v. Societe Francaise de Bienfaissance, etc., La.App., 170 So. 801, and Rome v. London 
Lancashire Ind. Co., La.App., 169 So. 132."
Consequently, since the defense interposed by the New Amsterdam Casualty Company may not be availed of in the present case for the reason that such defense is personal to the assured, the exceptions of no cause or right of action were properly overruled by the trial court.
Turning now to the merits, we find that plaintiff was riding in a car driven by her husband, the assured, when it ran into the rear of a truck owned and operated by Henry C. Waters. Both vehicles were proceeding on Orleans Street in the City of New Orleans in the direction of the Mississippi River, and, as the truck was in the act of stopping, it was struck from the rear by the automobile operated by the assured, Nicaud. Defendant has not questioned on this appeal the finding of the judge a quo that Nicaud's negligence was responsible for the accident, and an independent review by us of this phase of the case definitely establishes the correctness of that finding.
Having already concluded that the exceptions were properly overruled below, we pass now to a consideration of the quantum of damages.
Mrs. Nicaud was rendered temporarily unconscious as a result of the collision and was taken to the French Hospital, where emergency treatment was administered by Dr. John Archinard. Shortly thereafter she was removed to the Eye, Ear, Nose and Throat Hospital, there receiving medical attention at the hands of Dr. Gooch. She was discharged from the latter institution on the same day.
Dr. Archinard testified that when he examined Mrs. Nicaud there was considerable hemorrhage and swelling of the nose — later determined to be a fracture of the nasal bone — swelling of the forehead and about the eyes, and severe bruises of the forearm, right thigh and right chest. He stated that she was pale, very nervous, and obviously suffering from considerable shock. Plaintiff was also confined to her home, in bed, for several days, where she was intermittently treated by Dr. Archinard for some time. Plaintiff underwent considerable inconvenience and suffering, particularly because of the injury to the nose, and it is shown that the nervousness continued over the entire period of convalescence. Her physician added that the effects of the injuries were apparent for two months following the accident, during which time plaintiff suffered from headaches.
In Stevens v. Yellow Cab Company, La.App., 142 So. 807, plaintiff, a woman, suffered a fracture of the nose, as a consequence of which it was slightly deformed. We awarded the sum of $750.
In Hobbs v. Tom Pal et al., 171 So. 593, our brothers of the Second Circuit Court of Appeal awarded $400 to a man who sustained a broken nose.
In the instant case Mrs. Nicaud not only sustained a fractured nose, but contusions and bruises of various parts of her body and limbs. Taking into consideration the allowances made in other cases, we believe that an award of $500 would be reasonable and proper.
For the reasons assigned the judgment appealed from is amended by increasing the amount thereof to the sum of $500, and, as thus amended, the judgment is affirmed.
Amended and affirmed. *Page 778