DORE, Judge.
This is a suit for damages resulting from accidental injury sustained by Carole Ann Davison, a six year old girl, as a result of an automobile door slamming unto and mashing the child’s right fourth finger. It is admitted by stipulation that the accident was caused by t'he negligence of the owner of the automobile in question, and it is further admitted that the owner was insured for any such accident 'by the defendant herein to a limit of $10,000.00 for injuries to one person arising out of a ■single accident. The only question involved in the case is the quantum of damages. Plaintiff made demand for $7,000.00, and the lower court, after hearing the evidence, made an award in favor of plaintiff in the amount of $750.00. Plaintiff has appealed.
The evidence chows that the child suffered a mangled small finger of the right hand, and that as a result, the tip or distal end of said small finger had to be amputated. The attending physician states, “She had a completely mangled distal phalanx, all of the soft tissues were removed, requiring the whole end of the bone to be removed, and I imagine she suffered quite a bit.” The treatment and operation were done under a local anesthetic, to-wit, novo-cain. The preponderance of the evidence is to the effect that the little girl suffered considerable pain at the time of the accident and for some three or four days thereafter, and suffered discomfort probably for some two weeks. She was not hospitalized. The accident was sustained on June 28, 1949, and on March 2, 1950, Dr. Charles MeVae examined the little girl and stated, “She has an excellent result from the surgery following her injury. There is a small piece of fingernail growing from the undersurface of the finger and this piece of nail will have to be clipped from time to time. The finger tip is not sore at all and it is well healed, and there is a good pad of flesh over the tip' of the finger. Apparently the finger tip was removed just distal to the first joint. I consider her result an excellent one and she is not incapacitated as a result of the loss of the tip 'of this little finger. It is disfiguring, however.”
The plaintiff, on 'his appeal, contends that the award is insufficient because it was admitted by the trial judge that the injury incapacitated the child from ever fulfilling the desire of playing the piano or becoming a typist, besides the fact that, according to her attending physician, she may suffer from discomfort or pain 'in the future as a result of her injury, and the further fact, as shown by the evidence, that she has a permanent disfigurement.
'Counsel for the plaintiff-appellant cites several cases from other states wherein similar injuries were sustained and wherein awards greatly in excess of the present award were made. He admits that the Louisiana jurisprudence has heretofore awarded damages in a smaller amount, but contends that this situation should ibe corrected. He further contends that the present purchasing power of a dollar should be considered and that the award should be increased because of the lower purchasing power at this time of a dollar.
On the other hand, counsel for defendant contends that the award herein was very liberal, but that nevertheless, the defendant has not appealed from the judgment of the District Court. He states, “Every appellate court 'in t'he State of Louisiana has repeatedly held the principle that the trial court’s conclusion as to the amount of damages to be awarded in a physical injury suit must be given great weight by the Appellate Court,” citing *725 Hobbs v. Tom & Pal, La.App., 171 So. 593,. McCain v. Pan-American Petroleum Corporation, La.App., 142 So. 376..
We agree with the contention of' defendant that the trial court’s conclusion as to the amount of damage to be awarded must be given great weight. Nevertheless, we feel that in view of the fact that the child did suffer considerable pain for several days and that she may suffer discomfort in the future as a result of the injury, :and does have a slight permanent disfigurement, that there should be a slight increase in the award. We are of the opinion that the award should be increased to the sum of One Thousand ($1,000.00) Dollars.
Accordingly, the judgment appealed from is amended so as to increase the award to the sum of One Thousand ($1,000.00)' Dollars, and as thus amended, it is affirmed; all icosts to be paid by defendant.