. AYRES, Judge. .
This is an action in tort wherein plaintiff seeks to recover damages for personal in *569 juries sustained November 13, 1954, while descending a flight of stairs at the premises located at 3064 Hollywood Avenue in the City of Shreveport, Louisiana, when she fell through a defective step of the stairs.
Made defendants were Porter v. Webb, who was alleged to have been the lessor, and Epes B. Hilman, the owner of said premises. An exception of no cause of action was urged on behalf of Webb and sustained. No appeal was taken from that judgment.
The trial court, however, after trial on the merits, found that Hilman was liable as owner in damages for the injuries sustained by plaintiff. Accordingly, there was judgment in plaintiff’s favor for $250 for the personal injuries sustained and for $46.50 for medical expenses incurred on account of such injuries. ' From this judgment defendant Hilman appealed and plaintiff has answered the appeal, praying that the award be increased to $1,000.
The facts are not in dispute and may be briefly stated. On November 13, 1954, plaintiff visited her son’s upstairs apartment on the aforesaid premises, access to which was by means of outside stairs, having a width of 38 inches, and the supports of which were constructed of timbers of the size of 2" by 12". Each of the treads of the stairs was constructed of three 2" x 4" yellow pine lumber. In descending the stairs with her son’s baby on her right arm and while holding to the stair railing with her left hand, on stepping on one of the treads, the middle 2x4 broke under her weight, producing a space or resulting in a hole between the two remaining 2 x 4’s, such hole or space having a width variously estimated at from 5Yz to 7 inches, through which plaintiff’s right leg slipped. The stairs were painted, concealing a knot in the middle 2x4, which knot weakened the timber to such an extent as to break under a weight when plaintiff stepped on it. As a result, plaintiff sustained painful bruises to her right leg, both below and above her knee.
These additional facts are undisputed: That defendant Hilman was the owner of the premises when the accident occurred; that plaintiff was rightfully on the premises, and that the tread in question was defective.
Plaintiff predicates her claim upon the provisions of LSA-C.C. Arts. 670 and 2322, which read as follows:
“Art. 670. Everyone is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect.”
“Art. 2322. The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.” ■
By virtue of these articles an owner of a building is obligated to respond in damages to any person rightfully on the premises, who is injured by an accident resulting either from the owner’s negligence to make repairs or from a vice or defect in the original construction of the building. Klein v. Young, 163 La. 59, 111 So. 495; Heath v. Suburban Building & Loan Association, La.App., 163 So. 546; Byrd v. Spiro, La. App., 170 So. 384; Tesoro v. Abate, La. App., 173 So. 196; Morris v. Hava, La. App., 180 So. 216; Hughes v. Abate, La. App., 2 So.2d 68; Robinson v. Fossett, La. App., 33 So.2d 546.
Particularly appropriate here is the expression of the Supreme Court in Klein v. Young, supra [163 La. 59, 111 So. 497], relative to the aforesaid Codal provisions; wherein it was stated:
“Article 670 makes every owner of a building liable in damages to any neighbor or passer-by who is injured by the fall of any part of the building, through negligence on the part of the *570 owner to keep his building in repair. Article 2322 makes every owner of a building answerable in damages to any person who is injured—either while rightfully inside or while outside of the building—by an accident resulting either from the owner’s neglect to repair the building or from a vice or defect in its original construction.”
Defendant contends, however, he had no notice or knowledge of the defect in the stairs, the breaking of one of the treads of which precipitated plaintiff’s fall. This is not available as a defense to plaintiff’s action under the well established jurisprudence that the owner of the building is liable to one legally on the premises for damages caused by a defective condition of the building, even though it is occupied by tenants and the owner has no knowledge of the defects. Byrd v. Spiro, supra; Roppolo v. Pick, La.App., 4 So.2d 839; Thiel v. Kern, La.App., 34 So.2d 296; Champagne v. Hearty, La.App., 76 So.2d 453, and Green v. Billa, La.App., 86 So.2d 578.
Neither is it available as a defense by the owner of a building that the defects are latent. Such was the holding in Thiel v. Kern, supra [34 So.2d 298]. There the court stated:
“But we consider it a matter of no importance whether Miss Thiel is to be classified as the lessee or as a third person, or whether the landlords had or had not notice or knowledge of the defectiveness of the premises, for the law is well settled that the owner of property is liable to a tenant or to a third person rightfully on the premises, being without fault, injured as a result of an accident caused by defects in the building, whether the defects are latent or not.”
See also: Heath v. Suburban Building & Loan Association, supra; Staes v. Terranova, La.App., 4 So.2d 453.
In Hanover v. Brady, La.App., 148 So. 267, 268, we find this expression:
“ * * * the liability of the house owner to a licensee or passerby is made to depend upon negligence, the mere fact that the building is defective is in itself proof of that negligence, and this, whether the defect is apparent and easily discoverable, or is such as would not be noticed except upon careful inspection.”
It was likewise held in Barnes v. Beirne, 38 La.Ann. 280, that neither ignorance of the condition of the building nor the circumstance that the defect could not be easily detected can be successfully urged as a defense by the owner in an action wherein damages are sought in accordance with the provisions of LSA-C.C. Arts. 670' and 2322.
Finally for consideration is the matter of plaintiff’s injuries and the determination of an award to adequately compensate her therefor. On the third day following the accident, plaintiff called at the office of Dr. Albert I. Clark of the City of Shreveport for examination and treatment. The doctor found on his examination that plaintiff had suffered contusions and abrasions in the vicinity of the right thigh extending over an area approximately six inches in diameter. The outer surface of the affected parts was described as one big mass of bruised area. The patient was seen by the doctor again on November 30, 1954,. December 3rd and 14th, 1954, when improvements were noted, especially on the latter date, when she showed considerable improvement.
The evidence is that plaintiff suffered ncc unusual or excessive pain as a result of this accidental injury nor for any, prolonged! period of time. From an examination of February 4, 1954, made by Dr. S. W. Boyce at the request of defendant’s counsel, he testified that plaintiff had attained complete recovery from her aforesaid injuries. There was no showing of any permanent injury or disability involved.
We do think, however, that the award made by the trial court is inadequate as *571 compensation for the injuries, pain and suffering sustained by the plaintiff and that an award of $500 would more nearly meet the ends of justice and is not excessive.
Accordingly, the judgment appealed from is amended 'by increasing the award to $546.50, and as thus amended the judgment is affirmed at appellant’s cost.
Amended and affirmed.