O’NIELL, J.
This suit was brought against the Louisiana State Rice Milling Company, the firm of - Danove & Delvaille and the individual members thereof, and Morris Peitel and .the M. Peitel House Wrecking Company, and the City of New Orleans, for $15,000 damages, for the death of plaintiffs’ mother. She was killed by a large granite cornice falling upon her from a dilapidated and partly demolished building, as she was passing in front of the house at night.
A fire had destroyed the building, leaving only the walls standing, three months before the accident. The property then belonged to the Louisiana State Rice Milling Company. Two weeks before the accident, the milling company sold the wreck, or the materials composing it, to Danove & Delvhille, who, according to the evidence, were acting as agents for the real purchaser, Morris Peitel, or the M. Peitel House Wrecking Company. The house wrecking company is a corporation of small capital controlled by Morris Peitel, in the name of which company he is engaged in the business of buying and wrecking old buildings and selling the materials. It appears that the corporation buys buildings and wrecks them, and he buys the materials from the corporation and sells them to builders or otherwise disposes of them on the market. The building referred to was being demolished, the walls having been taken down as low as the second story, at the time of the accident. Whether the work was being done by the M. Peitel Company or by Danove & Delvaille is one of the questions in the case.
The contention on which plaintiffs seek to hold the rice milling company liable is that the contract purporting to be a sale of the building, or of the materials composing *831 it, was in reality only a contract of hire for demolishing the building. Hence plaintiffs invoke the provisions of the Civil Code, viz. (article 670) that an owner of a building is answerable in damages for any injury that befalls a neighbor or passer-by, as a result of neglect on the part of the owner to keep his building in repair; and (article 2322) that the owner of a building is answerable .for any damage occasioned by its ruin, if it be caused by neglect to repair the building or has ' resulted from some defect in the original construction.
The fault charged to Morris Eeitel, the M. Eeitel House Wrecking Company, Danove & Delvaille, and the members of the firm, is that there was no barrier or guard about the building, no red light, nor warning of any kind, to protect passers-by.
The fault attributed to the city was that the municipal authorities neglected or failed to notify the owner of the building to take it down,. after the fire; there being a municipal ordinance authorizing the commissioner of public works to give such notice, and, if not acted upon within three days, to have the building demolished, if a wall has become dangerous to human life.
, The jury gave a verdict for plaintiffs, against Morris Eeitel and the M. Feitel House Wrecking Company, for the amount sued for. They moved for a new trial, and, on trial of the motion, the district judge announced that, as the evidence showed that plaintiffs’ mother was killed instantly, he would not give plaintiffs judgment for the item of $5,000 claimed for suffering alleged to háve been endured by her, and that he would therefore order a new trial unless plaintiffs would remit the $5,000. Plaintiffs remitted the $5,000, as to the two defendants, and judgment was then rendered against them, in solido, for $10,000. The suit against the city was dismissed on an exception of no cause of action, and no verdict or judgment was rendered against the firm'of Danove & Delvaille or either member thereof. Morris Eeitel and the M. Eeitel House Wrecking Company appeal from the judgment rendered against them, and plaintiffs appeal from the judgment rendered in favor of the other defendants.
[1,2] The defendants have filed in this court exceptions of no cause or right of action with regard to four of the plaintiffs, who were of age when the suit was filed. As the other of the five plaintiffs was a minor when the suit was filed, the four majors had no right of action. The Act No. 120 of 1908 (page 178), amending and re-enacting article 2315 of the Civil Code, contains a proviso that the right of action for damages, in case of death of the injured person, shall accrue to the major children only in those cases where there is not a surviving widow or minor child. The demands of the four major plaintiffs, each claiming $3,000 must be dismissed. And as $1,000 of the remaining $3,000 demanded by the emancipated minor is claimed for physical pain and suffering alleged to have been endured by the deceased, and as the proof is that she was killed instantly,' the claim is reduced to $2,000.
[3] Our opinion is that the contract whereby the Louisiana State Rice Milling Company disposed of the building contains every element of a sale, and that as the milling company was not the owner of the building at the time of the accident, the company is not responsible for the accident, under the provisions of the Civil Code or otherwise. It is not alleged — and we doubt that it would have put the responsibility upon the milling company if it had been alleged and proven— that the sale was made merely to relieve the company of responsibility, or for any other purpose or consideration than to dispose of the building for the price received. The contract, in the form of an offer and accept *833 anee, for which the Feitel Company paid the milling company $175, and paid Danove & Delvaille a commission or fee of $25, is in these words, viz.:
“New Orleans, U. S. A., 2/1/17.
“Messrs. Danove & Delvaille, 355 Carondelet Street, City — Gentlemen: In accordance with the terms of your proposition of January 26th, we hereby propose to sell you for the sum of one hundred and seventy-five dollars, receipt of which is hereby acknowledged, all the material of every description, which composed and was contained in the building 519 and 523 Toulouse street, you to remove same within sixty days from date; the lot to be left free and clean of any material whatsoever, except boiler and engine.
“The above does not include the boiler, or engine, which you agree to dismantle and leave on the ground for our disposition.
“We reserve the right to purchase any. of this material from you at the best price you are able to obtain from others; this includes any of the material hereby sold you.
“We are writing this letter in duplicate and if it is in accordance with your understanding and agreement kindly sign same and return one copy to this office as a contract.
“Very truly yours,
“Louisiana State Rice Milling Co., Inc., “AS/D. [Signed] Alfred Sheldon, Main 1582.
“Accepted:
“[Signed] P. D. Danove, 3225 Chartres, Builder.”
The evidence leaves no doubt whatever that Danove & Delvaille acted merely as the agents for Morris Feitel and the M. Feitel House Wrecking Company and had no interest whatever in the buying or demolishing of the building, except that each member of the firm of Danove & Delvaille received from Feitel or the Feitel Company $12.50 for the service rendered in buying the building. For some reason, Morris Feitel would not deal with the rice milling company and concealed his interest and that of his company in the transaction. Danove & Delvaille came together for the purpose of this transaction, which was the only business ever done in that firm name. They had no financial responsibility, or means of doing business, and did none, except as the figureheads of Morris Feitel and the Feitel Company.
[4] Our opinion is that the suit against the city is without merit. The municipal ordinance referred to in plaintiffs’ petition did not make it the duty of the commissioner of public works, but merely authorized him, to demolish a dangerous wall or building, after giving three days’ notice to the owner or his agent. The failure of the commissioner to give the notice in this instance is of no consequence, because the building was in course of demolition when the accident happened. Besides, there is no doubt, from the evidence, that the falling of the stone that killed the plaintiffs’ mother was the direct result, not of the condition brought about by the fire, but of the work that was done afterwards By Morris Feitel and his company in demolishing the building.
[5] It is conceded by the defendants that some one was at fault for the failure to have a barrier or railing in front of the building, or a red light or other warning of the danger of falling bricks or stone. Morris Feitel and the Feitel .Company, contending that the rice milling company was yet the owner of the building at the time of the accident, argue in their brief that it was gross negligence on the part of the owner not to spend the insignificant price of a red lantern, or some other signal of danger, which would have prevented the accident. We agree that there was negligence in that respect; but we also agree with the district judge and the jury that the negligent ones were the Feitel Company, as owner of the building, and Morris Feitel, who had charge of demolishing it.
The judgment rendered in favor of the four plaintiffs of age is annulled, and their demands are rejected and their suit dismissed. The judgment in favor of the emancipated minor plaintiff, Paúl Marshall, is amended by reducing the amount to $2,000, *835 and, as amended, the judgment in favor of that one of the plaintiffs is affirmed. Plaintiffs are to pay the costs of appeal, and defendants Morris Eeitel and the M. Eeitel House Wrecking Company are to pay the costs incurred in the district court.
HAWKINS, J., concurs in the decree.