. DA WHINS, J.
Plaintiff is the wife of defendant’s tenant and was injured by plaster falling from the ceiling of the premises so occupied. She claimed the sum of $2,560 as compensation for her injuries and drug and doctor’s bills. The lower court allowed her $350. Defendant appealed, and plaintiff has answered, praying that the award be increased to the amount originally claimed.
Opinion.
The relation of landlord and tenant is admitted, but defendant contends that the repairs to the ceiling should have been made by plaintiff’s husband and deducted from the rent. It is conclusively shown that defendant’s attention was on several occasions called to the defective condition of the plastering, but that he declined to have it repaired and assured plaintiff it was “good for at least two years.”
Plaintiff was down on her knees scrubbing the floor, and a large section of the plastering fell and struck her on the middle and lower portion of her back, bruising and lacerating the flesh to the extent that she had to be carried to her bed, where she remained about three weeks. Her back had to be strapped with adhesive plaster, and she was under the care of a physician for some two months. She paid $10.55 for drugs and $50 doctor’s bill on account of her injuries.
[1] The owner of a building is liable in damages for injuries caused to his tenant by failure to make the necessary repairs, due to r the decay of his building, and of which he has knowledge. C. C. arts. 2693, 2695, 2715, 2716, 2717; C. C. art. 2322; Ciaccio v. Carbajal, 145 La. 869, 83 South. 73; Badie v. Columbia Brewing Co., 142 La. 853, 77 South. 768; Allain v. Frigola, 140 La. 982, 74 South. 404; Wise v. Lavigne, 138 La. 218, 70 South. 103; Schoppel v. Daly, 112 La. 201, 36 South. 322.
[2] “A lessee, who reports to his lessor that the leased premises are in a dangerous condition for lack of repairs which it is the duty of the lessor to make, and which he promises to make, and who thereafter sustains personal injury by reason of the failure of the lessor to make the repairs, is riot .necessarily precluded from recovering damages for such injury, either because of his failpre himself to make the repairs or upon the ground of his having voluntarily subjected himself to the known danger. His right to recover, in such case, depends largely upon his appreciation of the character and imminence of the danger and the extent to which the negligence of the lessor may have operated to compel him to accept the risk.” Ciaceio v. Carbajal, supra.
In the present case the plaintiff could not continue to occupy the house wdthout being constantly subjected to the possibility of the plaster falling. But she was assured by the lessor that it was good for at least two years and carried no immediate danger. In such circumstances, we do not think that any fault can be attributed to plaintiff, and that the defendant is liable.
[3] Considering all the circumstances, and in view of the fact that plaintiff’s injuries were only temporary, we think the judgment of the lower court works substantial justice between the parties, and it is accordingly affirmed, with costs.