## HANOVER et al. v. BRADY.*

No. 14497.

Court of Appeal of Louisiana. Orleans.

May 22, 1933.

Charles A. O'Niell, Jr., of New Orleans, for appellant.

Legier, McEnerny & Waguespack, of New Orleans, for appellees.

JANVIER, Judge.

Mrs. Hanover, while standing on the porch of a house owned by defendant, was injured when one of the floor boards, four inches wide, gave way, her weight forcing her leg through the small opening made by the removal of the board and injuring her knee, thigh, leg, and ankle. She claims $1,500 for pain and suffering.

Her husband, as head and master of the community, sues for medical expenses and for loss of the amount his wife would have earned in her trade as a saleswoman had she not been disabled.

Mrs. Hanover was not a tenant, and was on the property, not by virtue of a contract of lease, but merely with the permission of the owner.

Defendant contends that the petition contains no allegation of fault or neglect on her part, and she maintains that, in the absence of such allegation, no cause of action is shown. She asserts that the owner of a building is not the guarantor of its safety so far as a licensee is concerned, and that in such case there is no liability, unless there is fault, and that no fault can be shown, unless it is alleged.

In the district court the exception of no cause of action was overruled, and, after trial on the merits, judgment was rendered in favor of Mrs. Hanover for $400 and in favor of Mr. Hanover for $127. Defendant has appealed, and plaintiffs, contending that both

*Rehearing denied June 12, 1933. Writ of certiorari denied July 14, 1933.

amounts awarded should be increased, have answered the appeal.

Commencing with the decision of our Supreme Court in Boutte v. New Orleans Terminal Company, 139 La. 945, 72 So. 513, the jurisprudence of this state on the question of the obligation of a landlord to a tenant has been uniform, and there has been no departure from the well-recognized rule that to all intents and purposes a landlord is the insurer of the safety of the tenant, and that he is responsible for all damage caused to the tenant by reason of the defective condition of the property, and this regardless of whether the defect is apparent or is latent, or whether it is of a minor nature. In fact, the sole defense remaining to a landlord where he is sued for damage caused to a tenant by defective condition of the property is contributory negligence on the part of the tenant.

The decisions on that subject have gone so far that many have been led to believe that there is no difference between the obligation due by a landlord to a tenant and that owed by a property owner to any one lawfully on the property or to a passerby. In fact, an opinion which is usually cited as authority for the view that there is no distinction between the duty of a landlord to his tenant and that of a property owner to a passerby or licensee, though the point was not necessary to the decision of the case, in reality, points out the distinction between these two duties. We refer to Klein v. Young, 163 La. 59, 111 So. 495, 497, in which the court said that the duty of a landlord to his tenant results from the fact that into every contract of lease is written by law the obligation imposed by articles 2693–2695 of the Civil Code, in which articles the landlord is held to warrant to the tenant the safe condition of the building. It is provided in article 2695 that "the lessor guarantees the lessee against all the vices and defects of the thing," * * * and that "if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same." But, says the court in the Klein Case, this "obligation is in favor of the lessee only." The obligation to which the court refers is the obligation to guarantee the lessee against injury whether the injury results from neglect of the owner or not. The court then points out that the obligation due by a property owner to a licensee or to a passerby results, not from articles 2693–2695, but from articles 670 and 2322. Now, under both of these articles, 670 and 2322, liability of the owner to a licensee or passerby is limited to cases in which the damage results from neglect to make repairs, unless, under article 2322, the damage results from a vice or defect in the original construction of the building. In other words, to quote again from

Klein v. Young, supra: "Article 670 makes every owner of a building liable in damages to any neighbor or passer-by who is injured by the fall of any part of the building, through negligence on the part of the owner to keep his building in repair. Article 2322 makes every owner of a building answerable in damages to any person who is injured —either while rightfully inside or while outside of the building—by an accident resulting either from the owner's neglect to repair the building or from a vice or defect in its original construction."

The wording of the various articles which we are now discussing and the language used by the Supreme Court in the many decisions which are pertinent force the conclusion that there is a distinction between the liability of a landlord to a tenant and the liability of a house owner to a licensee or passer-by.

It is true that in many cases involving injuries to licensees or to passersby, notably Breen v. Walters, 150 La. 586, 91 So. 50, Thompson v. Commercial National Bank, 156 La. 485, 100 So. 688, and Allain v. Frigola, 140 La. 982, 74 So. 404, our Supreme Court has expressed approval of the doctrine announced in Barnes v. Beirne, 38 La. Ann. 280. In that case the Supreme Court held that neither ignorance of the condition of the building, nor the circumstances that the defect could not be easily detected, can be successfully urged as a defense by the owner.

It would seem, then, that, although the liability of the house owner to a licensee or passerby is made to depend upon negligence, the mere fact that the building is defective is in itself proof of that negligence, and this, whether the defect is apparent and easily discoverable, or is such as would not be noticed except upon careful inspection. But we do not find it necessary to reach a conclusion as to the extent of the distinction between the two kinds of liability to which we have referred because we find that here there was a vice in original construction, and that, under article 2322, the property owner may be liable, even in the absence of negligence on his part if the damage complained of resulted from "a vice in * * * original construction." We find that the pleadings and the proof in the record bring the matter within the application of that article, and we conclude that under that article there is liability.

Though counsel for defendant vehemently contends to the contrary, we can view the petition in no other light than as charging in paragraph 6 a vice or defect in original construction, and we cannot interpret the evidence of the contractor placed upon the witness stand by defendant herself otherwise

than as a statement that there was such original defect in the construction of the building.

In paragraph 6, we find the charge that "the flooring of the front porch was weak and rotten, and defective, and was improperly supported, in that there was no beam supporting that portion of the gallery underneath the flooring of the gallery."

Counsel for defendant asserts that this is not a charge of defect in original construction, and that the fact is that the house, itself, was originally constructed many years prior to the accident, and he asserts that, since the porch or gallery was rebuilt or repaired only a few years ago, the fault complained of could not have been an original one, and, if it was a fault at all, it must have come into existence when the repairs were made and not when the house was built. This would place a very strained and narrow interpretation upon the words "original construction," and we do not believe that the interpretation was intended by the lawmakers who framed the article. They declared that the owner should be liable for the damage caused by his "neglect to repair" or by vice in "original construction." The distinction sought to be made is between defects due to natural decay for which the owner is liable only if he neglects to make the repairs and defects due to faulty design, improper supports, etc., in which case the owner is made liable without any reference to fault or neglect on his part.

If the owner of a building a century or so old reconstructs a small portion of it, and, when he does so, concludes to change the design of that portion, for instance, to place floor joists three feet apart instead of eighteen inches apart, as they were originally placed, and if an accident occurs because joists three feet apart are insufficient to support normal weight on the flooring, then the defect is one of "original construction" within the contemplation of the article. Any other view might make liability depend upon a showing of the condition of a building many years before the accident in question, and in which building there may have been structural changes and replacements varying entirely the original structural design.

Article 6 of the petition, as we have stated, we believe to be a charge of defect in original construction, and we note that, in answer to the pertinent allegation of the said paragraph, "respondent admits that one of the planks of the front porch of the said house gave way * * * and * * * that, apparently, the cause thereof was that the plank was not supported sufficiently to withstand the said plaintiff's weight."

In the evidence is the statement made by one Seybold, a contractor, a witness vouched for by defendant herself, to the effect that: "* * * The board was put in in two pieces, joined in the center and the piece that she went through was lying on the ground. The board was not thoroughly rotten and there was only a half inch in the center board and boards like that, when not painted, loosen up and work away from the center board. There was not sufficient of the board on the center board and it looked like when this person stepped on it, it went through. It was tongue and groove flooring and when the party walked on it the board went through."

Reading the charge in article 6 with the admission in the answer and the above statement of the witness, Seybold, we reach the conclusion that, when the gallery or porch was repaired, a short piece of tongue and groove lumber was inserted at a point under which there was no supporting joist, and that that small piece of flooring was made to depend for its support entirely upon its own "tongue," which on one side fitted into the "groove" of the adjacent piece and on the other side upon the "tongue" of the other adjacent piece which fitted into the "groove" of the small piece inserted. Such construction might temporarily appear safe, but would almost inevitably prove dangerous because of the natural shrinkage which would occur in unusually dry weather, or which would result from the thorough "seasoning" of the lumber itself, and which would cause the "tongue" on the one side to pull out and the "groove" on the other to recede from the other "tongue," leaving the piece, though apparently supported, in reality a trap of the most dangerous kind. Thus the real fault was failure to properly support this short piece.

The district judge said: "* * * The testimony of Seybold is conclusive that the defect was one of the vices of original construction, aggravated by decay. * * *"

Counsel for defendant declares that no charge of defect in original construction is made because, as he puts it, the words "original construction" do not even appear in the petition, and he argues that, since there is no such charge, he was taken by surprise, and was not prepared to meet the contention that liability results from such defects.

It is true that the above-quoted words do not appear in the petition, but we find in the rules of pleadings nothing sacramental or which would require that a petitioner label each charge or declare under which statute or which codal article he brings his case.

The facts are more important than legal conclusions, and an allegation that the flooring of a gallery is improperly built, in that it is not properly supported, charges fault in original construction, whereas one which merely charges in general terms defective

original construction is unquestionably faulty, and would be subject to exception.

Nor do we see how defendant has been surprised by the contention. As we have shown, it was clearly made in the petition, clearly admitted in the answer, and clearly proven out of the mouth of a witness produced by defendant herself.

The injuries sustained, while not serious, appear to us to have been of sufficient gravity to justify an award of $400, but do not authorize an increase.

The award made to the husband amounting to $127 seems to be correct.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.