Mrs. Ida Burthlong was injured by an automobile owned and operated by Clarence Huber on April 13, 1940, and died as a result of her injuries on July 7, 1940.
Subsequently, decedent's major child, admittedly her sole heir, brought suit against the said Huber to recover $5,000 damages for the loss of companionship and affection caused him in consequence of the fatal injuries inflicted upon his mother. Plaintiff's petition affirmatively concedes that his deceased mother also left a surviving spouse.
The learned judge, a quo, dismissed plaintiff's suit on an exception of no right and no cause of action, from which this appeal is prosecuted.
The exception of no right and no cause of action, leveled at the claim of this major child, is based on the ground that, under the provisions of Article 2315 of the Civil Code, the deceased mother, having left a surviving spouse, the latter's rights are exclusive and preferred to the asserted rights of a major child.
Plaintiff concedes that, under the first paragraph of Article2315 of the Civil Code, he has no right or cause of action, the survivors, therein named, inheriting that which accrued to the deceased, prior to her death, in an alternative preferential order. He contends, however, that a right to recover for the loss and damage which he personally sustained, as a result of the death of the deceased, is granted him by reason of the provisions of the third paragraph of the codal article, supra, which reads as follows:
"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters or adoptive parent, or parents, or adopted person, as the case may be."
In other words, plaintiff contends that the article of our Civil Code, supra, creates two distinct and separate causes of action; that the provisions of the first paragraph provide a cause of action for such suffering and pain the injured person endured, and, as such, is restricted to the surviving beneficiaries in the order and preference therein fixed; and that, under the provisions of the third paragraph, a second separate and distinct cause of action is afforded the named survivors for loss of companionship, love and affection, grief and personal pain occasioned, not in the order of alternative preference, but available severally to any and all of the named beneficiaries.
These contentions involve the construction to be applied to the provisions of Article 2315 of the Civil Code, which, as it presently reads, gives a right of action for damages for the death of a person in addition to the right of action in favor of certain surviving relations for damages for personal injuries suffered by one who thereafter died. As originally enacted, the article merely declared: *West Page 481 
"Every act whatever of man, that causes damage to another, obliges him, by whose fault it happened, to repair it." (Art. 2294.)
Prior to 1851, no suit was litigated in this state involving an action for the recovery of damages resulting from the wrongful death of another, the first case, that of Hubgh v. New Orleans 
C.R.R. Co., 6 La.Ann. 498, holding that, without a specific statute authorizing such an action, no recovery could be had. This decision provoked an amendment to the codal article, supra, Act 223 of 1855, by adding thereto: "* * * the right of this action shall survive in cases of death in favor of the minor children and widow of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, for the space of one year from the death."
As thus amended, this article became Article 2315 of the Revised Civil Code of 1870. It is to be observed that, under its then existing provisions, it gave a right of action to the named survivors for only such pain and suffering as the injured person had endured, giving no right of action for any loss or injury suffered by a surviving relation as a result of the death of the person injured.
This was remedied by an amendment carried in Act No. 71 of 1884 by adding the following paragraph:
"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child, or husband or wife, as the case may be."
By Act 120 of 1908, the brothers and sisters, or either of them, in default of the survival of the preceding named beneficiaries, were extended the same right of action. This amendment contained the proviso that "should the deceased leave a widow together with minor children, the right of action shall accrue to both the widow and minor children; provided further, that the right of action shall accrue to the major children only in those cases where there [is] no surviving widow or minor child or children"
To cure the palpable error of the Legislature, made evident by a subsequent decision of our Supreme Court (Flash v. Louisiana Western Railroad Company, 137 La. 352, 68 So. 636, L.R.A.1916E, 112), the article was further amended by Act 159 of 1918 extending to a surviving husband the same right of action that was heretofore given to the widow as a result of the death of the spouse injured by the fault of another. The last amendment to this codal article, supra, is to be found in Act 159 of 1932, extending a similar right of action in favor of an adoptive parent or parents, or adopted persons. Article 2315 of the Civil Code, accordingly, reads as follows:
"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, including adopted children, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters, or either of them, for the space of one year from the death; provided that should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and minor children; provided further, that the right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children.
"If the above right of action exists in favor of an adopted person, such right of action shall survive in case of death in favor of the children or spouse of the deceased, or either of them, and in default of these in favor of the surviving adoptive parents, or either of them, and in default of any of the above persons, then in favor of the surviving children of the adoptive parents, or either of them, and in default of these in favor of the surviving father and mother of the adopted person, or either of them, and in default of these, then in favor of the surviving brothers and sisters of the adopted person, or either of them, for the space of one year from the death.
"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters or adoptive parent, or parents, or adopted person, as the case may be."
The construction which plaintiff seeks to have placed on this codal article has *West Page 482 
been previously reviewed and determined by our courts. In the case of Reed v. Warren, 172 La. 1082, 136 So. 59, the Supreme Court with Chief Justice O'Niell as its organ, exhaustively reviewed the history of this codal article from the date of its original enactment. In that case the court decided that only a single tort is created where death is caused by the fault of another, namely, the killing of one person, and that only one cause of action arises for the loss or damages occasioned thereby. In the course of the opinion, the court declared that the purpose of the amending Act, No. 71 of 1884, was merely to give to the named survivors, who were given a right of action by Act 223 of 1855, (the right of action provided for in the first paragraph of the codal article) the additional right to recover, in the same suit, the damages suffered as a result of the death of the person injured; the court further holding that, there being one tort, the right of recovery of damages, in either or both instances, is dependent upon the same relevant facts and subject to the same defenses, and thus gives rise to only one cause of action. Norton v. Crescent City Ice Mfg. Company, Inc.,178 La. 135, 150 So. 855.
Accordingly, the codal article, in effect, granting to certain named beneficiaries one cause of action for the recovery of either one or both elements of damage, this right of recovery in either or both instances — damages which the deceased suffered as distinguished from that suffered by the survivors by the death of the person injured — is regulated and prescribed. This order of preference in favor of the named beneficiaries is conclusive. The original right of recovery granted is predicated upon the right of inheritance, the second element of damages recoverable being personal to the survivors. The right of action given in the second instance (personal to the survivors) is purely additional, or supplementary to, and is dependent upon and connected with that given to the named survivors who inherit the right of action of the deceased. Both elements finding their sustenance from one tort, it follows that the status of alternative preference, once accruing, immediately excludes those of a secondary or more distant class. That being true, one seeking recovery of damages personal to him, enjoys no such right unless he comes within one of the alternative preferences given those who have a right of recovery on the survived action of the deceased.
The article of the Civil Code, supra, here invoked, declares that the right of action for damages, in case of death of the injured person, shall accrue to the major children only in those cases where there is no surviving spouse, or minor child or children.
Plaintiff's petition, having affirmatively alleged that his deceased mother left a surviving spouse, who thus has a preferred action to the exclusion of the surviving major child, he accordingly fails to disclose a right of action for the elements of damage claimed in this instance. Marshall et al. v. Louisiana State Rice Milling Company et al., 144 La. 828, 81 So. 331; Kerner v. Trans-Mississippi Terminal R. Company, 158 La. 853,104 So. 740; Horrell v. Gulf Valley Cotton Oil Co., Inc., 15 La.App. 603, 131 So. 709; Dupuy v. Godchaux Sugars, Inc., La.App., 184 So. 730; Thornton et al. v. Peak et al., La.App., 191 So. 182.
For the reasons assigned, the judgment of the lower court, sustaining the exception of no right of action and dismissing plaintiff's suit, is accordingly affirmed, at appellant's cost.
Affirmed.