This suit was filed by six persons who were the children, and all majors, of one Ike Jones who was accidentally killed while employed by the Evan-Hall Sugar Co-Operative, Inc. The suit was filed against the Massachusetts Bonding and Insurance Company, liability insurer of Evan-Hall Sugar Co-Operative, Inc. The plaintiffs alleged that they were the only children of Ike Jones and further allege that the wife of the said Ike Jones had separated from him several years prior to his death and had secured a divorce and had remarried.
There was an intervention filed on behalf of the American Mutual Liability Insurance Company which was the insurer of Evan-Hall Sugar Co-Operative, Inc. against liability to its employees under the Louisiana Workmen's Compensation laws. The defendant filed an exception of vagueness and no legal right and no legal cause of action. The plaintiff amended its petition and the defendant filed an answer which was a general denial, and, in the alternative, a plea of contributory negligence.
The minutes show that the case was partially tried on June 25, 1948 and continued until the October term of Court. On January 20, 1949 the minutes show that the exceptions of no legal right of action and no legal cause of action, having been previously tried and taken under advisement by the Court, for the reasons orally assigned were maintained and the suit of the plaintiffs was ordered dismissed at their cost. The minutes further show that an application for a new trial was filed on January 24, 1949, and on *Page 136 
March 15, 1949 the application for the new trial was denied, the Court giving short written reasons in which it stated that it was rendering this ruling by virtue of Article 2315 of the Civil Code and the Burthlong v. Huber decision, La. App.,4 So.2d 480, wherein it stated that "the right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children", and as the evidence shows that decedent left a surviving spouse, the Court is convinced that the plaintiffs, the major heirs of decedent, have no right or cause of action.
The case was accordingly appealed to this Court by the plaintiffs. It is shown by plaintiffs' and defendant's briefs that this case was partially tried and when the allegedly divorced wife of the deceased, Ike Jones, was placed on the stand, she testified that she had never been divorced from him, whereupon the defendants objected to any further testimony and at that time filed an exception of no right or cause of action. This is shown by the briefs but there is no note of testimony in this record. Counsel for defendant did not argue the case but counsel for plaintiffs did argue the case and stated that the case was partially tried but the evidence was not in the record and that counsel for defendant would not agree to any stipulation of fact. Counsel for the plaintiffs orally requested this Court to pass on the question presented, even though there is no testimony in the record. We do not see how we could pass upon the question presented by counsel for plaintiff without this evidence. All we have before us are the pleadings which, on their face, state a cause of action, for we must take as true the allegations of plaintiffs' petition that the wife of Ike Jones prior to his death had secured a divorce and had remarried. However, as the minutes show that the evidence was taken and it is not in the record, it is necessary that the missing testimony be supplied, and it is ordered that this case be remanded to the Twenty-third Judicial District Court of the Parish of Ascension for the completion of the transcript.