130 So.2d 785 (1961)
Joseph MALATESTA
v.
J. L. LOWRY.
No. 21579.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1961.
*786 Frank J. D'Amico and Anthony J. Vesich, Jr., New Orleans, for plaintiff and appellant.
Graham & Graham, Louis B. Graham, New Orleans, for defendant and appellee.
Before McBRIDE, YARRUT and SAMUEL, JJ.
McBRIDE, Judge.
Defendant owns three dwelling apartments in New Orleans, bearing the Municipal Nos. 2425, 2427 and 2429 Melpomene Street, respectively, occupied by his tenants. Plaintiff, Joseph Malatesta, sues for a large amount as damages for personal injuries which he allegedly sustained in defendant's premises "on or about the early part of June 1958" when the floor of a porch gave way with the result plaintiff's foot went through rotten boards. Several acts of negligence are ascribed to defendant, viz.: maintaining a dangerous floor; failure to make necessary repairs; allowing a trap to exist on the property; failure to warn plaintiff of the danger. Plaintiff endeavors to justify his presence on the premises by setting forth he was calling upon one of the tenants therein.
The pith of the defense is that plaintiff entered the premises in the role of a licensee; defendant alleges he is not responsible in damages in that he was not negligent because he had no knowledge or notice of any defects in the building. The answer sets forth specifically that the rotten condition of the porch which gave way was unknown to him.
After trial on the merits, the judge held plaintiff to be a licensee and found no act of negligence on the part of defendant; hence there was judgment dismissing the suit, from which plaintiff appeals.
LSA-C.C. art. 670 reads:
"Every one is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect."
LSA-C.C. art. 2322 reads:
"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."
It is well settled in Louisiana that a property owner's liability for injury sustained by third persons (i. e. other than tenants) caused by defective buildings flows from one or both of the above-quoted codal articles. Klein v. Young, 163 La. 59, 111 So. 495; Ciaccio v. Carbajal, 142 La. 125, 76 So. 583; Thiel v. Kern, La.App., 34 So.2d 296; Coleman v. Rein, La.App., 4 So.2d 622; Heath v. Suburban Building & Loan Ass'n, La.App., 163 So. 546; Hanover v. Brady, La.App., 148 So. 267.
The jurisprudence teems with cases holding that a landlord is bound to know whether his building is safe for the purposes for which he rents or authorizes its use or is defective, rotten, or otherwise unsafe, and is answerable in damages, under the above articles, to third persons who being lawfully or rightfully therein are injured by reason of its defects, whether of original construction or caused by failure to make proper repairs. Lasyone v. Zenoria Lumber Co., 163 La. 185, 111 So. 670; Klein v. Young, supra; Breen v. Walters, 150 La. 578, 91 So. 50; Ciaccio v. Carbajal, 145 La. 869, 83 So. 73; Allain v. Frigola, 140 La. 982, 74 So. 404; Wise v. Lavigne, 138 La. 218, 70 So. 103; Smith v. Hyman, *787 La.App., 6 So.2d 368; Roppolo v. Pick, La.App., 4 So.2d 839; Tesoro v. Abate, La.App., 173 So. 196; Hanover v. Brady, supra; Herbert v. Herrlitz, La.App., 146 So. 65; Vanosby v. Creidman, 15 La.App. 488, 131 So. 702.
In accordance with this general rule, it has been held where a third person is injured in the leased premises by a fall from defective steps, or by the collapse of a rotten gallery, or by the giving way of stairs, or by the collapse of a rotten wharf, or from falling plaster or other materials, or by a defective floor, the landlord is liable to the person injured, whether he was a guest, roomer, visitor of lessee, house-keeper, subtenant, daughter of subtenant, or the wife or child of the tenant, sister of lessee, or even a concubine. Frank v. Suthon, C.C., 159 F. 174; Hero v. Hankins, 5 Cir., 247 F. 664; Klein v. Young, supra; Shelton v. Masur, 157 La. 621, 102 So. 813; Breen v. Walters, supra; Plescia v. LeRoy, 148 La. 316, 86 So. 824; Thomson v. Cooke, 147 La. 922, 86 So. 332; Ciaccio v. Carbajal, 145 La. 869, 83 So. 73; 142 La. 125, 76 So. 583; Marshall v. Louisiana State Rice Milling Co., 144 La. 828, 81 So. 331; Badie v. Columbia Brewing Co., 142 La. 853, 77 So. 768; Allain v. Frigola, supra; Wise v. Lavigne, supra; Cristadoro v. Von Behren's Heirs, 119 La. 1025, 44 So. 852, 17 L.R.A.,N.S., 1161; Schoppel v. Daly, 112 La. 201, 36 So. 322; Knoop v. Alter, 47 La.Ann. 570, 17 So. 139; Barnes v. Beirne, 38 La.Ann. 280; Thiel v. Kern, supra; States v. Terranova, La.App., 4 So.2d 453; Hughes v. Abate, La.App., 2 So.2d 68; Hanover v. Brady, supra; Viola v. Convery, 10 La.App. 85, 122 So. 90; Pierre v. Levy, 3 La.App. 769.
In Davis v. Hochfelder, 153 La. 183, 95 So. 598, the wife of the tenant was allowed a recovery for injuries sustained in endeavoring to rescue her son from imminent asphyxiation by gas from a defective heater.
Malatesta, the instant plaintiff, does not occupy the same status quoad defendant as did any of the third persons above enumerated who were permitted to recover from the lessor or owner of the premises causing the injury. Malatesta sought to place himself in the category of invitee, but the trial judge called him a licensee. We find no foundation to plaintiff's story that he made entry onto the premises for the purpose of interviewing a woman in response to her call to him about a television set. His testimony is most vague and sketchy; for instance, he could not remember the date of the accident or how the woman contacted him or even her name; he thought he might have given her his card at some previous time; he placed the location of the woman's room at the head of the stairs, but defendant claims that this room was occupied by a male tenant named "Sam." Plaintiff counters defendant's statement by advancing the argumentative opinion that the woman may have been the man's companion. Malatesta does not say he had conversed with the woman before the accident unless the affirmative may be inferred from his statement that he was unsuccessful in making a sale. He claims, however, she assisted him after the accident.
Plaintiff had been an itinerant door to door salesman of household appliances for nine years; he walked about knocking on doors inquiring if anyone was interested in buying the articles he sold; according to his testimony he had made sales of merchandise to other tenants in defendant's apartments at previous times.
After a careful sifting and analysis of plaintiff's story, we are of the unwavering opinion that this man, on whatever date the accident happened, was making one of his indiscriminate calls on a door to door canvass and had not previously arranged the visit to the woman in the room at the head of the stairs. If the visit had been by prearrangement, it would be reasonable to assume he could have furnished more details than his testimony reflects.
Plaintiff went upon defendant's premises which were private, not business or commercial, on his own behalf in pursuit of his *788 own economic interests and affairs. We do not mean to say he was not rightfully or was unlawfully in the premises for in those events he would have been a mere trespasser.
This appeal poses for answer the questions, What was plaintiff's classification, whether invitee or licensee, and what duties were owed by the property owner to him?
In Alexander v. General Accident Fire & Life Assurance Corp., 98 So.2d 730, 731 (certiorari denied), the late Court of Appeal for the First Circuit gave the following definitions, respectively, of a trespasser, a licensee and an invitee and set forth the duties owed each, viz.:
"(1) A trespasser is one who enters the premises without the permission of the occupier or without a legal right to do so; and towards the trespasser no duty exists in most instances except to refrain from willfully or wantonly injuring him.
"(2) A licensee is one who enters the premises with the occupier's express or implied permission, but only (according to the conventional description) for his own purposes which are unconnected with the occupant's interests; and to him in addition to the duty owed to a trespasser, is owed the duty of warning the licensee of latent dangers of the premises if actually known by the occupier.
"(3) An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger." (All italics by the court.)
In Myers v. Gulf Public Service Corporation, 15 La.App. 589, 132 So. 416, an invitee was defined to be a person on the premises by invitation which requires a common interest or a mutual advantage, while a licensee was said to be one on the premises merely for his own pleasure or benefit.
In a note discussing Mercer v. Tremont & G. Ry. Co., La.App., 19 So.2d 270 (certiorari denied), Louisiana Law Review, Vol. VI, at page 302, states:
"It is generally held that one whose status is that of a licensee accepts the premises as he finds them and must be alert for his own safety. The only duty owed a licensee is that of warning him of dangerous conditions which are known to the occupier and which the licensee could not be expected to discover for himself. On the other hand, the business guest, or invitee, as he is sometimes called, is entitled to assume that preparations for his safety have been made, and he is owed the duty of reasonable care with respect to the condition of the premises. The distinction between these two classes of persons has been recognized on several occasions in Louisiana.
"There is considerable difference of opinion as to the basis of distinction between a licensee and invitee. It is generally held that a business guest or invitee is one who comes upon the premises for a purpose in which both he and the occupier have some sort of business interest. If this mutual interest exists, it is not important whether the business guest came at the suggestion or request of the defendant or entered upon his own initiative. In the latter instance it is commonly said that the existence of the `invitation' is implied. Conversely, if a person is upon the premises of another for his own personal purposes, he is a licensee even though an express invitation may have been extended him by the defendant. However, in border situations the existence of an invitation to enter business *789 premises tends to indicate that the occupier considered the purpose of the visit as being in the interest of his business, while the absence of an invitation is persuasive of the fact that the plaintiff was a licensee.
"Cases in which the plaintiff enters the defendant's premises as a salesman or solicitor with only the hope of arousing the latter's interest in a business transaction have given the courts considerable trouble. There is a tendency to regard such a person as an invitee only when the prospective business would be clearly advantageous to the occupier, as where the existence of previous dealings between them indicates a likelihood of interest by the defendant. Where, under these circumstances, the entry is onto non-business premises, the courts are generally reluctant to regard the plaintiff's purpose as one in which the occupier would have a business interest. * *"
In Mercer v. Tremont & G. Ry. Co., supra, which was the subject provoking the above comment a 16 year old boy entered the shop office of the railroad company in search of the superintendent, his intent being to solicit defendant's advertising for a local newspaper. While waiting outside the shop, the boy was injured when two of several metal car wheels fell upon him. The court held he was an invitee and as such was owed the duty of reasonable care with respect to the condition of the premises and entitled to protection against negligence and recovery was allowed against defendant under the doctrine of res ipsa loquitur. The court said during the course of its opinion [19 So.2d 274]:
"If, however, it is found that the injured party occupied the status of an invitee, then the duty of the defendant is correspondingly greater, requiring defendant to use ordinary care in maintaining its premises in a reasonably safe condition for such use by the invitee as is consistent with his purpose. 38 Am.Juris., Negligence, Sec. 96, page 754."
It may be seen in Mercer v. Tremont & G. Ry. Co. supra, the concept of mutual business interest entered the case. The boy called at the business premises of defendant for the purpose of soliciting advertisements for his employer-newspaper. Although the premises were generally not open to the public at large, it was to be expected that the defendant should anticipate the presence not only of workmen, but likewise of those having general business to transact with the railroad. Newspaper advertising by railroads seems to be a common practice, and it may be safely assumed that railroad companies consider such advertisement to be profitable from a business standpoint. The decision in the case is parallel with a modern tendency to enlarge the group of persons classified as business guests.
In Myers v. Gulf Public Service Corporation, supra, there were no mutual business interests. There an injury was sustained by a pupil visiting an ice plant with his class solely to observe the process of manufacturing ice. He was held to be a licensee, and that as a bare licensee he must take the premises as he finds them and was denied a recovery.
In Salter v. Zoder, La.App., 37 So.2d 464, a child of tender age while playing on the concrete driveway of defendant's property lost her balance and fell against a piece of corrugated metal on top of a stack of lumber, sustaining injuries. The defendant was the recent purchaser of the property of which the parents of the child had been holding possession under an oral monthly lease from the former owner, no rent having been paid to the purchaser who was awaiting the expiration of the six months' notice to vacate the premises given the former owner and the tenant under the regulations of the Office of Price Administration. Thus there was no relationship of landloard and tenant between the parents of the child and the defendant. The court *790 held, in denying recovery, that the child was a licensee and said the general rule is that a licensee, whether by permission or otherwise, takes the premises as he finds them, and that the duty of the owner or possessor of the premises is to refrain from injuring the licensee wilfully or wantonly or through an act of negligence.
In Crittenden v. Fidelity & Casualty Company of New York, La.App., 83 So.2d 538, the plaintiff visited the premises of defendant's insured to discuss with him a pending business matter but he was not at home at the time. Plaintiff, who decided to wait, pulled forward a chair which slipped on the smooth waxed concrete surface of the porch when he attempted to seat himself therein, thereby causing him to fall. The late Court of Appeal for the Second Circuit held plaintiff to be an invitee to whom the owner of the premises owed the duty to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved.
In Mills v. Heidingsfield, 192 So. 786, 789 (certiorari denied), decided by the late Court of Appeal for the Second Circuit, with the now Mr. Justice Hamiter as author of the opinion, the suit for damages brought by a prospective tenant who was injured while on residential property which he had entered for the purpose of determining whether the premises may be available for his tenancy at a future date, was dismissed on an exception of no cause of action because the petition contained no allegation of fact indicating that the property owner wilfully or wantonly injured plaintiff or that the alleged injury was produced by active negligence. The court found plaintiff to be a licensee. The court's definition of "licensee" and the corresponding duty owed him appear thus:
"A person is a licensee, according to 45 Corpus Juris, verbo, `Negligence', § 194, `where his entry or use of the premises is permitted by the owner or person in control thereof, or by operation of law, so that he is not a trespasser, but is without any express or implied invitation. He therefore occupies a position somewhere between that of a trespasser and that of an invitee. A license is distinguished from an invitation in that the licensee is on the premises by sufferance only, and not by virtue of any business or contractual relation with, or any enticement, allurement, or inducement to enter held out to him by, the owner or occupant, but merely in his own interest and for his own purposes, benefit, convenience, or pleasure.' This statement of the rule appears to have been substantially approved and followed by the courts of this state. Bell v. Houston & S. R. Co. et al., 132 La. 88, 60 So. 1029, 43 L.R.A.,N.S., 740; Vargas v. Blue Seal Bottling Works, Ltd., 12 La.App. 652, 126 So. 707; Myers v. Gulf Public Service Corp., 15 La.App. 589, 132 So. 416; Platt et al. v. Bender et al., La.App., 178 So. 678.
* * * * * *
"Under the general law of negligence, a licensee takes the premises as he finds them. The owner thereof owes to him only the duty of refraining from injuring him wilfully, wantonly, or through active negligence. Vargas v. Blue Seal Bottling Works, Ltd.; Myers v. Gulf Public Service Corp.; Platt v. Bender, all supra; 45 Corpus Juris, verbo, `Negligence', § 201."
Under the above authorities we hold plaintiff in the instant case was a licensee and not an invitee and was bound to take the premises as he found them, and there was no dereliction of duty on the part of defendant in that he neither injured plaintiff wilfully or wantonly, nor was he guilty of active negligence having no knowledge or notice of the latent defects existing in the property.
Therefore, the judgment appealed from is correct and it is affirmed.
Affirmed.