CHASEZ, Judge.
Plaintiffs, Billy R. Cothern and his wife Dorothy, brought this suit for damages resulting from a fall sustained by Mrs. Coth-ern on the evening of April 3, 1965. The defendants in the action are Peter J. La Rocca, doing business under the trade name Jim’s Place and La Rocca’s insurer, Fireman’s Fund American Insurance Companies, and Mrs. and Mrs. J. M. Lavigne, doing business under the trade name Travel Inn Motel and the Lavignes’ insurer, The Employers’ Liability Assurance Corporation, Ltd. After trial on the merits judgment was rendered in favor of plaintiff Dorothy Cothern against the defendants Mr. and Mrs. J. M. Lavigne, d/b/a Travel Inn Motel and their insurer, The Employers’ Liability Assurance Corporation, Ltd.[1] in the sum of $2,500.00 together with legal interest and all costs, for the pain and suffering experienced by Mrs. Cothern as the result of her injuries. In addition judgment was rendered in favor of plaintiff Billy R. Cothern against the Lavignes and their insurer in the sum of $73.50 together with legal interest and all costs, for the medical expenses incurred as a result of Mrs. Coth-ern’s injuries. Also judgment was rendered in favor of defendant, Peter J. La Rocca, d/b/a Jim’s' Place, and his insurer Fireman’s Fund American Insurance Companies against the plaintiffs, dismissing plaintiffs’ suit as to them. Finally judgment was rendered fixing an expert witness fee of $75.00 for the physician who testified at the trial. Defendants Mr. and Mrs. J. M. Lavigne and their insurer have taken a suspensive appeal from this judgment and plaintiffs Mr. and Mrs. Cothern have taken a devolutive appeal insofar as the judgment dismissed defendants La Rocca and his insurer from the suit.
Jim’s Place is a restaurant located on the Airline Highway in the Parish of Jefferson. At the time of the accident it was operated by the defendant Peter J. La Rocca, but the property itself was actually owned by unnamed third persons who were not made parties to the action. It is neighbored on one side by the property owned by defendants Mr. and Mrs. J. M. Lavigne, who operate a motel thereon under the trade name, Travel Inn Motel. The buildings on these two adjacent properties are very close to one another separated only by a shell driveway located on the premises of Jim’s Place and a narrow strip of land located on the Travel Inn property. This driveway and narrow strip of land run alongside and between the two buildings.
On the night in question Mr. Cothern with his wife and their two young sons drove to Jim’s Place for dinner. He was unable to find a parking place in the front or rear of the building so he proceeded to park along the shell driveway mentioned above. *839 His vehicle as so parked was partially on the property of Jim’s Place and partially on the narrow strip of land belonging to the Travel Inn Motel. There were other cars parked in front and in back of his vehicle in the same manner. Mrs. Cothern got out of the car on the side toward the Travel Inn and in the motion of opening the rear door for her sons to get out stepped back into a hole, suffering the injuries of which she now complains. This hole was actually the opening of a concrete pipe or sleeve which ran vertically into the ground from ground level, and which housed a water valve connected to the plumbing in the motel. The hole was located wholly on the property of the Travel Inn Motel and was situated some three or four feet from the property line dividing the motel property from Jim’s Place, and approximately eighteen inches from the side wall of the motel building. The record reveals that at the time of the accident the concrete hole was covered by grass and weeds some seven or eight inches high, therefore not readily apparent except upon close inspection, and even less so at night as was the situation herein.
Mr. Lavigne and his motel manager, a Mr. Mellor, testified that this hole was normally covered by a wooden shield designed specifically for that purpose; however, the evidence indicates that this cover was missing at the time of Mrs. Cothern’s injury. Mellor testified that it was his responsibility to keep the grass in this area cut, but he was not able to recall when he last cut this grass prior to the accident. He admitted that he did not make periodic checks to see if the cover was on the hole. The trial judge concluded, and we believe reasonably so, from the evidence presented that Mellor was aware that the customers for Jim’s Place parked in the area of the hole in the manner in which the plaintiffs were parked.
Defendant La Rocca testified that he had leased the premises on which Jim’s Place is situated just nine days before the accident. He said he had no knowledge of the concrete hole in question and in fact did not know exactly where his property stopped in that area and the Travel Inn began.
From the pictures presented in evidence we can see that it is impossible for a third party to tell exactly where the property line between the two premises ran. Mrs. Coth-ern herself was unaware that she was not on Jim’s Place when she fell into the hole.
The trial judge held that the provisions of LSA-C.C. arts. 670 and 2322 apply in this situation.[2] It was his opinion, as stated in his reasons for judgment, that the open concrete pipe was a part of the building comprising the Travel Inn Motel, further that the condition of the pipe in its uncovered state was tantamount to “ruin” as contemplated by article 2322. He concluded that as these articles do not depend upon actual knowledge of the danger on the part of the owner to render him liable to third persons, the Lavignes and their insurer were answerable in damages for the injuries suffered by Mrs. Cothern. In so holding he impliedly found that Mrs. Cothern was “lawfully” upon the premises of the Travel Inn Motel and applied the strict liability to third persons imposed by the two articles as interpreted by the jurisprudence. Green v. Southern Furniture Co., 94 So.2d 508 (La.App.1957); Green v. Billa, 86 So.2d 578 La.App.1956 and cases cited therein.
*840 On the other hand Mr. and Mrs. La-vigne and their insurer take the position that these articles are inapplicable in this case as there was no “fall” or “ruin” of the buildings of the Travel Inn Motel which caused injury to Mrs. Cothern. They contend that a missing cover over a submerged pipe not directly connected to a part of the motel was not the fall or ruin contemplated by these articles. Further they contend that should this court find LSA-C.C. art. 2322 to be applicable, the jurisprudence requires us to apply the common law classifications of invitee, licensee and trespasser to this article. It is their position that Mrs. Cothern was at best a “licensee” as to Travel Inn, and as such was owed only the right to be protected from dangerous conditions of which the owners of Travel Inn had actual knowledge.
We have examined the decisions cited by the trial court in Fontenont v. Sarver, La.App., 183 So.2d 75; Murphy v. Fidelity & Casualty Co. of N. Y., La.App., 138 So.2d 132; Matranga v. Hilman, La.App., 94 So.2d 568 and Hanover v. Brady, La.App., 148 So. 267, in support of his conclusion that LSA-C.C. articles 670 and 2322 are applicable herein. While we recognize that these decisions have liberally interpreted the words “fall” and “ruin” found in these articles, to cover defects in parts of and appurtenances to buildings, nevertheless we are unable to accept these decisions as controlling in the factual situation presented in this case. The defective condition complained of herein, as seen above, was the absence of a wooden cover over a concrete pipe running vertically into the ground from ground level. This pipe was not itself connected to the motel though the plumbing which it protected did of course run directly to the building. This situation cannot reasonably be construed to be tantamount to the “ruin” of the part of the “building” comprising the Travel Inn.
Further we are impressed with the cases which though recognizing the applicability of LSA-C.C. article 2322 in a given situation nevertheless apply the common law distinctions as to the status of the entrant to determine the question of owner liability. Mills v. Heidingsfield, 192 So. 786 (La.App. 2d Cir. 1939) ; Malatesta v. Lowry, 130 So.2d 785 (La.App. 4 Cir. 1961). We are of the opinion that in this case the question of the liability of the owners and insurer of the Travel Inn Motel to the plaintiffs must necessarily involve a determination of the invitee, licensee or trespasser classification of Mrs. Cothern while on the motel premises. Alexander v. General Acc. Fire & Life Assur. Corp., 98 So.2d 730, La.App. 1 Cir. 1957, is often quoted as the best source of explanation of this classification problem as follows:
“[1] (1) A trespasser is one who enters the premises without the permission of the occupier or without a legal right to do so; and towards the trespasser no duty exists in most instances except to refrain from willfully or wantonly injuring him.
“[2] (2) A licensee is one who enters the premises with the occupier’s express or implied permission, but only (according to the conventional description) for his own purposes which are unconnected with the occupant’s interests; and to him in addition to the duty owed to a trespasser, is owed the duty of warning the licensee of latent dangers of the premises if actually known by the occupier.
“[3] (3) An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.” 98 So.2d at 731-732.
*841 Accepting these classifications we are of the opinion that Mrs. Cothern was, at best, a licensee upon the premises of the Travel Inn. The most she can claim as to her presence there was that she was allowed thereon by sufferance alone. She went upon this property solely for her own convenience, and through no mutuality of interest between her and the owners of the motel. The record reflects in fact that she was not aware that she was even on the motel property at all, but was under the impression at all times that she was on Jim’s Place.
As seen above, as a licensee Mrs. Cothern was protected only from willful and wanton injury by the landowners, or from defects of which the landowners had actual knowledge. In this regard the record reveals that Mr. and Mrs. Lavigne and their motel manager, Mr. Mellor, knew of course of the existence of the concrete hole. Further they knew that the customers from Jim’s Place parked in this area and passed on their property in getting to and from their cars to the restaurant. Nevertheless the deciding factor here is that the Lavignes and Mr. Mellor stated that to their knowledge this hole was at all times covered by the wooden shield designed for that purpose and they were in fact unaware that it was missing at the time of the accident. Plaintiffs were unable to present any evidence which would tend to disprove defendants’ claim of lack of actual knowledge that the cover was missing. We find then that the lack of actual knowledge of the dangerous situation on their premises precludes recovery from them by the plaintiffs. To hold otherwise would be to place upon the owners of the Travel Inn Motel the duty incumbent upon property owners toward invitees on their premises.
We are cognizant of the recent trend toward liberalization of the sometimes harsh effect of the strict application of the technical distinctions between licensees and invitees, and the duties of landowners toward them. (See an excellent student note in this area in 19 La. L.R. 796). Further we realize that by our decision we have failed to hold the owner of a public inn, who exists financially on his ability to entice strangers upon his premises for the purpose of securing lodging with him, for the injuries suffered by a third person admittedly on his inn premises. Nevertheless there are certain factors which had a definite bearing on our decision and directed our action herein. First the plaintiff Mrs. Cothern was in no way influenced to come upon these premises by any manner of implied invitation by the owner of the motel. Contrarily, as we have stated previously, she was not aware that she was even on motel property at the time she was injured, in fact we must assume that she was under the impression she was on the property owned or controlled by the defendant Peter J. La Rocca, the operator of Jim’s Place. Second and perhaps more important, the accident occurred in an area which though part of the motel grounds, was actually behind the motel buildings, a place where motel customers themselves would not be expected to walk and a place where there would be some question as to whether the liabilty of the motel owners would extend even to their own customers.
We turn now to the question of the liability of defendant Peter J. La Rocca, lessee of the premises known as Jim’s Place. The trial judge in his Reasons for Judgment offered these statements as the basis for his decision to dismiss plaintiffs’ demands against La Rocca:
“The Court does not feel that Jim’s Place is liable to plaintiffs since it was furnished with no reliable authorities to the effect that a business proprietor is under any duty to warn his customers of unknown dangers or vices on his neighbor’s property or prohibit them from parking there by signs, attendants, etc. The evidence distinctly showed that Mr. La Rocca, the other defendant, had only taken over the ownership of Jim’s Place nine days before the accident and had no knowledge whatsoever of any vices or defects on his neighbors property. In *842 deed, at that time it is doubtful that he even knew where property lines were located or that his customers were parking there.”
We cannot agree with the trial judge’s conclusions in this regard. It is well settled that a lessee who invites the public to his leased premises, owes to them the reasonable care of providing a safe place for them therein. Grigsby v. Morgan & Lindsey, 148 So. 506, La.App. 2 Cir. 1933; Givens v. De Soto Bldg. Co., 156 La. 377, 100 So. 534 (1924). We recognize that in these cited cases the injury complained of occurred on the leased premises themselves, while in the case herein we are involved with an incident which occurred on neighboring property. Nevertheless the peculiar facts before us require us to extend the general rule in this case.
Plaintiffs have admitted that they have been unable to find specific cases where the courts of this state have extended the liability of a proprietor of a public establishment to his customers who have been injured on neighboring or nearby premises, however they have offered several decisions of other state jurisdictions which have imposed this liability. Chapman v. Parking, Inc., Tex.Civ.App., 329 S.W.2d 439; Gray v. Watson, 54 Ga.App. 885, 189 S.E. 616; Gladwin v. Hotel Bond Company, 19 Conn. Sup. 106, 110 A.2d 481.
We are impressed with these decisions only to the extent that they have recognized the liability of a business proprietor, in some instances, for the safety and well being of his customers who are not physically on the proprietor’s premises. We will not examine these cases in greater detail here as we cannot say that the factual situations in each are apposite to the facts before us.
In the case herein defendant Peter J. La Rocca, as proprietor of Jim’s Place, a restaurant open to the public, offers to his customers certain places for them to park. In so doing he has created a situation where some of them actually park partially on his property and partially on the neighboring premises. It would seem to us unreasonable under these facts to say that only those who exit from their cars on the side parked on his property are under his protection while those who get in or out on the other side of their cars parked in this manner are not so protected. The heart of the matter is that he has allowed this situation to exist, has benefited from it and thus cannot escape the liability which it can and does impose. The unusual factual situation in this case has made it very difficult to decide. We are aware of the danger that our decision might be used in the future as unlimited authority for holding business proprietors for the injuries suffered by their prospective customers in areas totally unrelated to the proprietor’s premises. Thus we emphasize that the decision herein is authority only for the unique factual situation presented by this case.
Defendants-appellants have complained of the amount of the award granted to the plaintiff Mrs. Dorothy Cothern herein. The trial judge allowed her $2,500.00 for her pain and suffering as a result of her injury. We find that this award was not an abuse of his discretion under the facts as presented. Mrs. Cothern sustained a large, severe laceration of the anterior portion of her lower leg. This injury required several visits to her physician after initial treatment, and although she did not experience extreme difficulty in the healing process, nevertheless it is fair to say that hers was not just an ordinary case in this regard. Further the trial judge found as a fact from the medical evidence as presented that Mrs. Cothern will be left with a residual amount of nerve damage in her lower leg which may cause some occasional numbness in the leg. This added factor alone distinguishes her injury from the ordinary laceration cases and lends further support to the $2,500.00 award.
Finally appellants contend the trial judge was in error in assessing as an expert witness fee the sum of $75.00 for Dr. Casimir A. DiChristina, Mrs. Cothern’s treating *843 physician who testified on her behalf at the trial below. We agree that the trial judge was in error in this regard and can only surmise that it was simply an oversight on his part. In fact after the physician had concluded his testimony the trial judge himself made these statements on this very point:
“THE COURT:
“Court doesn’t know of any expert questions that were asked the doctor. I believe there are cases on this very fact, if he’s not asked expert opinion, expert testimony, then he is not to be paid as an expert. So, unless you can convince me that you brought out some expert testimony, I would not be able to fix an expert fee for him, but he was merely a fact witness as to what he did in treating this lady.”
No attempt was made by plaintiffs’ counsel at this point to convince the court that expert fees should be assessed, and we can only reiterate our belief that the inclusion of them in the judgment was simply an oversight by the court.
For the reasons hereinabove expressed the judgment of the trial court is reversed insofar as it rendered judgment therein in favor of plaintiffs Mr. and Mrs. Billy R. Cothern, against defendants Mr. and Mrs. J. M. Lavigne, doing business under the trade name Travel Inn Motel, and their insurer The Employers’ Liability Assurance Corporation, Ltd.; and it is reversed insofar as it dismissed plaintiffs’ suit against Peter J. La Rocca and his insurer Fireman’s Fund American Insurance Companies ; further it is reversed insofar as it set an expert witness fee of $75.00 for Dr. Casimir A. DiCristina taxed as costs therein. Judgment is now rendered in favor of plaintiff Mrs. Dorothy Cothern in the sum of $2,500.00, together with legal interest from date of judicial demand and all costs, against defendants Peter J. La Rocca, d/b/a Jim’s Place and his insurer Fireman’s Fund American Insurance Companies, and in favor of plaintiff Billy R. Cothern in the sum of $73.00, together with legal interest from date of judicial demand and all costs, against defendants, Mr. Peter J. La Rocca d/b/a Jim’s Place and his insurer Fireman’s Fund American Insurance Companies. Judgment is rendered in favor of defendants Mr. and Mrs. J. M. Lavigne, d/b/a Travel Inn Motel against the plaintiffs Mr. and Mrs. Billy R. Cothern dismissing plaintiffs’ suit as to them. In all other respects the judgment of the trial court is affirmed, appellees Peter J. La Rocca and Fireman’s Fund American Insurance Companies to pay the costs of this appeal.
Reversed in part, affirmed in part, and rendered.

. Judgment was incorrectly rendered originally against The Employers’ Giroup of Insurance Companies, however, this judgment was amended to reflect the true name of the defendant. The Employers’ Liability Assurance Corporation, Ltd.

. LSA-C.C. art. 670 provides: “Art. 670. Keeping buildings in repair.
“Art. 670. Every one is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect.”
LSA-C.C. art. 2322 provides: “Art. 2322. Damage caused by ruin of building.
“Art. 2322. The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.”